**NORTHWEST FOREST RESOURCE COUNCIL, an Oregon corporation, et al., Plaintiffs,**

v.

**F. Dale ROBERTSON, in his official capacity as Chief, U.S. Forest Service, et al., Defendants.**

**WESTERN WASHINGTON COMMERCIAL FOREST ACTION COMMITTEE, a non-profit corporation, Plaintiff,**

v.

**F. Dale ROBERTSON, Chief, James F. Torrence, Regional Forester, and the United States Forest Service, Defendants.**

Civ. Nos. 89–136–FR, 89–139–FR.

United States District Court,
D. Oregon.

May 16, 1989.

Mark C. Rutzick, Douglas C. Blomgren, Preston, Thorgrimson, Ellis & Holman, Portland, Or., for plaintiffs Northwest Forest Resource Council, et al.

Ann Forest Burns, Seattle, Wash., Kirk Johansen, Alan A. Larsen, Schwabe, Williamson & Wyatt, Portland, Or., for plaintiff Western Washington Commercial Forest Action Committee.

Charles H. Turner, U.S. Atty., Thomas C. Lee, Asst. U.S. Atty., Portland, Or., and Donald A. Carr, Acting Asst. Atty. Gen., Land and Natural Resources Division, Jean Anne Kingrey, Special Litigation Counsel, Dept. of Justice, Washington, D.C., for defendants.

### OPINION

FRYE, Judge.

In the matter before the court, defendants, F. Dale Robertson, et al., move the court (# 41) for a stay of all proceedings in these actions pending the trial and a final ruling in the consolidated actions filed in the United States District Court for the

Western District of Washington entitled *Seattle Audubon Society v. F. Dale Robertson,* No. C89–160WD, and *Washington Contract Loggers Ass'n v. F. Dale Robertson,* No. C89–99(T)WD, hereinafter referred to as the Washington cases.

These actions involve a challenge to the administrative decision of defendant The United States Forest Service (Forest Service) of December 8, 1988 adopting guidelines for the northern spotted owl for the Pacific Northwest Region of the Forest Service. The Washington cases involve challenges by timber industry interests and environmental interests to this same Forest Service decision. Motions for a preliminary injunction were granted in the Washington cases, and a final hearing is scheduled for June 13, 1989.

Defendants contend that a stay of these actions will serve the interests of justice by avoiding the possibility of conflicting decisions, and that judicial economy will be served by avoiding expenditures of time, resources and expense in these cases when the decisions in the Washington cases may obviate the need for further litigation here.

■ Plaintiffs recognize that the decision whether to stay the actions pending the resolution of another action is a decision committed to the sound discretion of the trial court. However, plaintiffs argue that a stay is not appropriate in that plaintiffs in these actions should not be forced to abide by a determination in another matter in which they have not participated. Because plaintiffs in this action are not named plaintiffs in the Washington actions, they assert that these cases should not be stayed.

### RULING

■ The Washington cases involve claims virtually identical to the plaintiffs' claims in these consolidated actions. The actions in the State of Washington involve timber sales upon lands that are subject to a preliminary injunction entered by the Washington court. The possibility of inconsistent results is particularly troublesome where there are identical actions involving land. The Washington actions are very near completion, and the result may obviate the need to proceed in this case. Plaintiffs may or may not be required to abide by a decision in which they are not parties. However, that is a decision for another day.

At this stage in the proceedings, given the fact that little has happened in these cases, and given the fact that the Washington actions are near resolution and a preliminary injunction has been entered, the court finds that the interests of justice weigh heavily in favor of granting the stay.

Defendants' motion (# 41) to stay all proceedings in these actions pending the trial and a final ruling in the consolidated actions filed in the United States District Court for the Western District of Washington entitled *Seattle Audubon Society v. F. Dale Robertson,* No. C89–160WD, and *Washington Contract Loggers Ass'n v. F. Dale Robertson,* No. C89–99(T)WD, is granted.